BATES *v.* BATES.

Opinion delivered June 1, 1931.

*Evans & Evans* and *Tom W. Campbell,* for appellant.
*Cravens & Cravens,* for appellee.

SMITH, J. The parties to this litigation are brothers, and on May 13, 1921, they entered into a partnership agreement for the purpose of manufacturing and selling vinegar at Fort Smith under the firm name of Ozark Fruit Company. In March, 1929, B. C. Bates, the elder

brother, who resided in Little Rock and had conducted in that city an independent business as a manufacturer and dealer in vinegar, brought this suit to dissolve and settle the partnership business with his brother, John D. Bates. The complaint recites numerous advances made to the firm by plaintiff, and judgment therefor was prayed.

An answer was filed, in which the existence of the partnership was admitted, but it was alleged that the partnership was dissolved on April 30, 1923, at which time plaintiff had withdrawn all advances made to the firm and had become largely indebted to it.

Each party presented a complicated account against the other, the one by the plaintiff being to the effect that he had made advances to the firm which had not been repaid him. According to the accounts kept by the defendant, the plaintiff had withdrawn his advances to the partnership, and had, in addition, borrowed a large sum of money from the partnership.

The court below did not undertake to state this account, but did find as a fact that the partnership had been dissolved, and that the defendant "has paid the plaintiff for his former share in it long ago, * * *," and the complaint was dismissed as being without equity.

We are unable to say that this finding of fact is against the preponderance of the evidence. But, without regard to the state of the accounts between the partners, the testimony appears to fully sustain the finding made by the court that the partnership was dissolved in 1923. According to the testimony of the defendant, John D. Bates, the partnership was then insolvent, and had been made so by the withdrawals of his brother and partner, but defendant took control of the business as owner in his individual capacity and assumed and paid the partnership debts. If this is true—and that finding does not appear to be contrary to a preponderance of the evidence—it is unimportant whether B. C. Bates had withdrawn all his advances or not. The agreement to take

charge and become the owner and assume the debts was sufficient consideration to support the dissolution agreement which the court found was made between the parties in 1923.

The testimony is in irreconcilable conflict as to whether there was such an agreement, and, while we have carefully considered the testimony, we think no useful purpose would be served in setting it out and discussing it. There are numerous contradictions in the testimony, but it must be remembered that a period of nearly six years intervened between the date of the alleged dissolution of the partnership and the institution of the suit for its dissolution and an accounting, and, after considering all the testimony, we have concluded that the chancellor's finding, that there was a final dissolution in 1923, is not against the preponderance of the evidence.

As we have said, the court found that, upon a final statement of the account between the parties, the balance would be against the plaintiff, but the court did not attempt to state the account and ascertain this balance. It does not appear, however, that appellee, the defendant below, complains of that action.

In the decree from which this appeal comes it was recited that "the action on the part of the plaintiff was for the dissolution of a partnership between the plaintiff and the defendant, and for judgment for a considerable sum of money, and also for a restraining order enjoining the defendant from the use of certain trade names, * * *," which were stated, which had been used by the plaintiff in his individual business at Little Rock before the formation of the partnership and since that time by him.

The court found that "plaintiff is entitled to a remedy, however, injunctive and prohibitive, against the defendant against the use of various trade names hereinbefore mentioned, or any of said trade names." Because of this finding it is insisted by the plaintiff below, the appellant here, that the entire costs of the cause should

not have been assessed against him, as was done, for the reason that he obtained partial relief.

The court also found that the defendant had not used these trade names since the dissolution of the partnership, and that the defendant asserted no right to use them. The court did find that "* * * plaintiff has no assurance that he (defendant) may not yet use them, and while the plaintiff makes no claim to any federal copyright to said names, yet the proof shows that he had given to those names value to him in branding and labeling his products long before the partnership, which were used by agreement during the partnership, and are still used by the plaintiff in his business. * * *"

We think the court was correct, notwithstanding this finding, in imposing all the costs upon the plaintiff. The right to the use of these trade names was only incidentally involved in the litigation, and was not contested by the defendant, and we think no abuse of the discretion was shown which chancery courts have in apportioning costs. *Spencer* v. *Johns*, 180 Ark. 441, 21 S. W. (2d) 961.

The decree will therefore be affirmed, and it is so ordered.