MORGAN *v.* AUSTIN.

4-7132                                              174 S. W. 2d 562

Opinion delivered October 25, 1943.

236

*Earl Blansett,* for appellant.

*Jeff R. Rice,* for appellee.

SMITH, J.   Appellant's ownership of the original title to the forty-acre tract of land, here in controversy, is not questioned, and we do not, therefore, deraign her title.  She became the owner of the land in 1935, at which time she was a resident of Oklahoma, where she has since resided.  Her father owned this tract of land and an adjoining forty-acre tract, at the time of his death, which occurred in 1933.

The land here in question was twice assessed for the taxes for the year 1908, and the taxes were paid on one of these descriptions.  The land was returned delinquent under the same description and was sold to the State, and on October 8, 1934, a decree was rendered confirming this sale.  In March, 1937, Austin purchased the land from the State and received a deed bearing that date, from the Commissioner of State Lands, which was not filed for record until February 28, 1940.

Austin had previously purchased an adjacent forty-acre tract of land from appellant's father.

Austin sold the timber on both tracts to Ash, who cut and removed it.  When appellant learned this fact, she brought this suit to cancel the deed of the Land Commissioner to Austin and to recover from Austin and Ash the value of the timber which had been cut and removed from the land.  A decree was rendered cancelling the deed of the Land Commissioner and judgment was rendered in appellant's favor for $40, the value of the timber, from which judgment she has appealed, and Austin has prosecuted a cross-appeal.

In his original answer Austin alleged title under the Land Commissioner's deed, based upon the forfeiture to the State for the taxes of 1908, which sale had been confirmed at the suit of the State in 1934, it being alleged that appellant had not appeared within a year to show any defense to the confirmation proceeding, as permitted under the provisions of the act under which the decree of confirmation was rendered. This limitation of one year is no longer effective against the land owner who shows that the taxes for which the land was sold had, in fact, been paid. By Act 423 of the Acts of 1941, p. 1227, it is provided: "All attacks upon the said decree made after the said one-year period shall be taken to be collateral attacks and shall be wholly ineffectual. Provided nothing in this act shall prevent any person attacking such decree at any time on the ground that taxes have actually been paid." This act of 1941 is an amendment to the legislation pursuant to which the confirmation decree had been rendered. It was shown, without dispute, that the taxes for 1908 had been paid, the double assessment being, of course, an obvious error.

Before the final submission of the case, Austin amended his answer to allege two years' possession under his deed from the Land Commissioner, and the benefit of the provisions of § 8925, Pope's Digest, were invoked. This plea cannot be sustained because the requisite possession was not shown. Austin had title to and possession of the adjacent forty-acre tract under a deed from appellant's father, but his possession of that forty under that title would not make the provisions of § 8925 applicable to the land here involved. The case must, therefore, be affirmed on the cross-appeal.

For the reversal of the judgment on the direct appeal reliance is chiefly had upon the alleged error of refusing to grant a continuance, but we think there was no error in this respect. This suit was filed March 1, 1940, and the case was set for trial June 6, 1940, but was not then tried. On November 5, 1942, the case was reset for trial December 3, 1942, and was reset for December 10th, and the final hearing was had on December 17, 1942. At the hearing on December 3, 1942, the court canceled the

deed of the Land Commissioner to Austin, upon the ground that the taxes for which the land was sold had been paid, and continued until December 17th the hearing upon the question of the damages for cutting the timber.

On December 17th a motion for a continuance was filed. It was recited in this motion that appellant was confined in a hospital in Wichita, Kansas, and that she had not had time to produce testimony showing the value of the timber, and that she had taken the depositions of two witnesses upon the question of value, which had been lost in the mail. In support of this motion a telegram to appellant's counsel was offered in evidence, which reads as follows: "Miss Gladys Morgan (appellant) is not physically able to leave the hospital at this time." Signed, Dr. F. J. Hagan.

In case No. 11608, *Read* v. *Haynie*, Circuit Court, District of Arkansas, (1855), 20, Fed. Cas., p. 354, there appears this statement: "What a client says to his counsel, although it may be sworn to by the latter, is at least an unsworn statement, which the court cannot act on. It would be very dangerous to give it credence, for it would place the continuance of causes within the power of defendants, and without exacting from them any oath at all. All they would have to do would be to tell their counsel what they expected to prove, and for the counsel, having no knowledge of the facts on his part, and swearing to none, to simply swear that the client told him so and so. Such a practice cannot be tolerated; and no continuance can be granted on such an affidavit. The facts stated should be within the knowledge of the affiant, and proper diligence should be shown."

However, the motion did not allege that appellant had any knowledge as to the quantity of the timber cut or its value; on the contrary, she was, and for a number of years had been, a resident of Oklahoma. The fact alleged is that on account of her illness she had not had time to produce testimony on this issue. The motion did allege that two depositions, which had been taken, had been lost and had not reached the office of the clerk of

the court. The witnesses whose depositions had been taken were Frank Patton, a resident of Jacksonville, Florida, and Frank Walls, a resident of Wichita, Kansas. It appears, however, that the deposition of Walls had been received, and was on file, but it was not read in evidence. There was no showing why the deposition of Patton had not been taken earlier. Certainly ample time had been afforded. Several terms of court intervened between the date of the filing of the complaint and the trial.

Aside from all this, the motion for a continuance did not meet the requirements of § 1494, Pope's Digest, in that it did not recite what the testimony of the absent witnesses would be, as the statute requires. Before overruling the motion for continuance this colloquy occurred between opposing counsel:

"Mr. Rice: 'I'm willing to do this, I'm willing to agree that if they were here they'd testify to the number of trees that was cut and if they were here they'd testify to it, but I'm not willing to agree they're correct.'

"Mr. Blansett: 'I'll not agree to anything like that.'"

Section 1494, Pope's Digest, above referred to, provides that: "If thereupon the adverse party will admit that on trial the absent witness, if present, would testify to the statement contained in the application for a continuance, then the trial shall not be postponed for that cause. Provided, the opposite party may controvert the statement so set forth in the said motion for continuance by evidence."

We conclude, therefore, that no abuse has been shown of the wide discretion which trial judges have in granting or refusing a continuance.

There is a question, however, which has given us more concern, and that was the order directing "that each party pay their own costs." The court assessed the damages at $40. Austin testified that he sold the timber on the forty-acre tract here in question with the timber on the adjacent forty, which he had bought from appel-

lant's father, all for $55, so that appellant prevailed on both issues, (a) the cancellation of the Land Commissioner's deed, and (b) damages to the land. Ordinarily, such a decree would carry the costs in favor of the prevailing party, but in equity cases the court has the power to adjudge the costs in accordance with what is thought to be the equity of the case. *Spencer* v. *Johns,* 180 Ark. 441, 21 S. W. 2d 961; *Bates* v. *Bates,* 183 Ark. 900, 39 S. W. 2d 701. Here, the court, no doubt, thought the appellant had been dilatory and had shown a lack of diligence in the prosecution of the case. When the cause was first heard the court decreed the cancellation of the Land Commissioner's deed, but continued the case to afford appellant further opportunity to prove her damages, and this she did not do on the final submission of the case. Under the circumstances, we conclude, with some reluctance and uncertainty, that the court did not abuse its discretion in requiring the parties to pay their own costs.

The decree will, therefore, be affirmed.